1  BEN LOVEMAN (SBN # 249970)
   ATTORNEY AT LAW
2  Law Offices of Virender Kumar Goswami
   870 Market St., Ste. 1028
3  San Francisco, California 94102
   Tel: (415) 391-0228
4  Fax:(415) 288-0459

5  Attorney for Plaintiff
   **YUBA RAJ SHARMA**

**ORIGINAL FILED**

MAY 27 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **YUBA RAJ SHARMA** | Civil Action No.: |
| Plaintiff | CV 08 2636 |
| v. | |
| **ROBERT MUELLER III**, Director, Federal Bureau of Investigation; | **COMPLAINT FOR WRIT OF MANDAMUS** |
| **JONATHAN SCHARFEN**, Acting Director, U.S. Citizenship and Immigration Services (USCIS); **MICHAEL CHERTOFF**, Secretary, Department of Homeland Security; **MICHAEL MUKASEY**, Attorney General, Department of Justice; **TERRY RICE**, San Francisco Field Office Director, USCIS; **EMILIA BARDINI**, Director, Asylum Office, San Francisco | USCIS No.: A 96 160 789  IMMIGRATION CASE |
| Defendants. | SBA |

1

## INTRODUCTION

1. This is an individual action for declaratory judgment, injunctive and mandamus relief, authorized under the Declaratory Judgment Act, 28 U.S.C. Section 1361, and the Administrative Procedure Act, et. seq. This action is brought by Plaintiff to compel Defendants and those acting under them to take action on Plaintiff's Application for Asylum, Form I-589, as is required under the Immigration and Nationality Act (INA), 8 U.S.C. §1101 et. seq. and applicable regulations, so that Plaintiff may finally receive a determination regarding his status.

2. Plaintiff is eligible to have his Application adjudicated.

3. Plaintiff filed his Asylum Application with the San Francisco Asylum Office of the legacy United States Immigration and Naturalization Service (now known as the United States Citizenship and Immigration Services "USCIS").

4. Defendants have a statutory obligation to adjudicate this Application for Asylum, Form I-589, but have failed or have unreasonably delayed to adjudicate the Application for Asylum.

5. Plaintiff and lawyers on his behalf have inquired and complained repeatedly to the defendants about the delays without any resolution.

## PARTIES

6. Plaintiff, Yuba Raj Sharma, applied for asylum in December of 2002. His application for asylum is still currently pending at the Asylum Office in San Francisco.

7. Defendant, Robert S. Mueller is sued in his official capacity as the Director of the Federal Bureau of Investigation ("FBI"). He is responsible for conducting both criminal record checks and the National name Check Program ("NNCP"). The NNCP disseminates information from the FBI's Central Records System in response to requests submitted by federal agencies, including USCIS.

8. Defendant, Emilia Bardini is sued in her official capacity as the Director of the Asylum Office in San Francisco.

9. Defendant, Jonathan Scharfen is sued in his official capacity as the Acting Director of USCIS, an agency within the Department of Homeland Security, which is charged by law with the duty of adjudicating I-589 Applications for Asylum.

10. Defendant, Michael Chertoff is sued in his official capacity as the Secretary of the Department of Homeland Security. In this capacity he is responsible for the administration and

enforcement of the immigration laws pursuant to 8 U.S.C. § 1103(a), including the accurate, efficient, and secure processing of immigration benefits.

11. Defendant, Michael Mukasey is sued in his official capacity as the Attorney General of the United States of America. In this capacity he is charged with the administration and enforcement of the immigration law, including security checks required to obtain an immigration benefit such as asylum. 8 U.S.C. § 1103(a).

12. Defendant, Terry Rice is sued in his official capacity as the Field Office Director of the San Francisco USCIS District.

## JURISDICTION

13. This court has jurisdiction over the present civil action pursuant to 28 U.S.C. § 1331 (Federal Question Jurisdiction) because Plaintiff's claim arises under United States law, and 28 U.S.C. § 1361, regarding an action to compel an officer of the United States to perform his duty. This action challenges only the defendants' procedural policies, practices, and interpretations of law, not the granting or denial of individual applications. Therefore, the jurisdictional limitations of INA §242, 8 U.S.C. §1252 are not applicable.

14. The aid of the court is invoked under 28 U.S.C. § 2201 and § 2202, authorizing declaratory judgment.

15. Costs and Attorney's fees will be sought pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412(d), et seq.

## VENUE

16. 28 U.S.C. § 1391(e) provides that in a civil action in which the defendant is an officer or employee of the United States or any agency thereof acting in his official capacity, or under color of legal authority or any agency of the United States, the action may be properly brought in any judicial district in which a defendant in the action resides or in any judicial district where a plaintiff resides where no real property is involved. Plaintiff, Yuba Raj Sharma, is a resident of the Northern District of California and Defendant Emilia Bardini, Director, Asylum Office, San Francisco, is also a resident of the Northern District.

## EXHAUSTION OF REMEDIES

17. Plaintiff has exhausted his administrative remedies. Plaintiff and his attorney have made numerous inquiries concerning the status of his I-589 application for asylum to no avail. (See Exhibits). Plaintiff has no other adequate remedy available for the harm he seeks to redress- the failure by Defendants to adjudicate his application for asylum in a timely manner.

## FACTUAL ALLEGATIONS

18. Plaintiff is a citizen of Nepal; he filed an application for asylum in the United States on 12/20/2002. Plaintiff's Alien Registration number is A 96 160 789. (See Exhibit ("Ex") A).

19. Plaintiff was interviewed by an Asylum Officer at the San Francisco Asylum Office on 01/28/2003. (See Ex. B).

20. Plaintiff made numerous inquiries to the USCIS and San Francisco Asylum Office. Plaintiff also visited the San Francisco Asylum Office in person in an attempt to obtain information regarding the status of his application. He has been repeatedly told that his case is still pending.

21. On April 3, 2008, counsel for Plaintiff sent a letter via certified mail to Emilia Bardini, Director, San Francisco Asylum Office, regarding the status of Plaintiff's case and has not received a response. (See Ex. C).

22. It has now been over five and one half years since Plaintiff filed his Form I-589, Application for Asylum. Plaintiff has made numerous requests to determine the status of his application and the delay associated with its adjudication, but has yet to receive a reasonable response or explanation from any governmental agency to account for such a long delay.

## CLAIMS

23. Defendants have willfully and unreasonably delayed in, and have refused to, adjudicate Plaintiff's Application for Asylum, Form I-589, thereby depriving Plaintiff of the benefits of becoming an asylee, or at least of having his application adjudicated under the law. By refusing to adjudicate Plaintiff's application Defendants have deprived Plaintiff of the opportunity to become a naturalized citizen of the United States and have deprived Plaintiff of the right to have his wife and child join him in the United States. Defendants have also deprived Plaintiff of the peace of mind to which he is entitled under the Immigration and Nationality Act.

24.     Plaintiff has a clear right under the INA to have his I-589 application for asylum adjudicated in a reasonable period of time by the Defendants. Specifically, INA § 208 (d)(5)(A)(iii) provides that, "in the absence of exceptional circumstances, final administrative adjudication of the asylum application, not including administrative appeal, shall be completed within 180 days after the date an application is filed." Plaintiff filed his application for asylum in December of 2002. The 180 day period mandated by the statute passed five years ago, and the Defendants have not indicated any exceptional circumstances in Plaintiff's case to warrant such delay. Even if an exceptional circumstance existed in Plaintiff's case, five and one half years is so far beyond the time period contemplated by the statute that it would still be unreasonable. Plaintiff has been deprived of this clear right by the Defendants.

25.     Defendants have a clear duty under the Immigration and Nationality Act ("INA") Section 208 to adjudicate applications for asylum in a reasonably timely manner. Defendants have failed to perform their clear duty by refusing to adjudicate or unreasonably delaying the adjudication of Plaintiff's asylum application. The court may order the government defendants to adjudicate an application or petition where defendants have failed to take any action. *See, e.g.*, Iddir v. INS, 301 F.3d 492, 500 (7th Cir. 2002) (court held that government defendants owed a duty to adjudicate applications under the diversity lottery program); Patel v. Reno, 134 F.3d 929, 933 (9th Cir. 1997) (court held that government defendants owed a duty to adjudicate visa applications); Ibrahim v. Chertoff, 2007 U.S. Dist. LEXIS 38352 (9th Cir. 2007) (court held that government defendants have a mandatory duty to act on plaintiff's change of status application).

26.     Defendants owe a duty to adjudicate Plaintiff's application for asylum in a timely manner under the Administrative Procedures Act. Under 5 U.S.C. §555(b), any agency charged with processing plaintiff's asylum application, "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time…shall proceed to conclude a matter presented to it." Plaintiff's application has been pending for five and one half years without conclusion, far exceeding what is considered a reasonable time.

27.     Defendants' practices, policies, conduct, and failures to act as to Plaintiff's asylum application, violate the Administrative Procedures Act, 5 U.S.C. §§ 702 and 706, because agency action is unlawfully withheld or unreasonable delayed under §706(1).

28.     Plaintiff has exhausted all administrative remedies that may exist.

29. Strong humanitarian factors genuinely exist in this case. Plaintiff's family remains in Nepal under threat by the same forces that forced Plaintiff to flee Nepal in the first place. Plaintiff worries constantly about the safety of his family in Nepal. It has been over eight years since Plaintiff has been able to see his family because he cannot safely return to Nepal, and unless his application for asylum is adjudicated he cannot bring his family to the United States.

**30.  Wherefore, Plaintiff prays that the Court:**

(1) Assumes jurisdiction of this case.

(2) Compels Defendants and those acting under them to perform their duty to adjudicate Plaintiff's application for asylum Form I-589.

(3) Grants such other and further relief as this Court deems proper under the circumstances; and

(4) Grants Attorney's fees and costs of Court to Plaintiff under the Equal Access to Justice Act.

Respectfully submitted this 22nd day of May, 2008

Ben Loveman, Esq.
Law Offices of Virender Kumar Goswami
Attorney for Plaintiff

# EXHIBIT A



FROM:
US DEPARTMENT OF JUSTICE
US IMMIGRATION AND NATURALIZATION
ASYLUM OFFICE
P.O. BOX 77530
SAN FRANCISCO, CA 94107

DATE: 12/23/02
FORM: I-589

NAME: YUBA RAJ SHARMA
A-NUMBER: 96160789

*** ACKNOWLEDGEMENT OF RECEIPT ***

Your complete Form I-589 asylum application was received and is pending as of 12/20/02. You may remain in the U.S. until your asylum application is decided. If you wish to leave while your application is pending, you must obtain advance parole from INS. If you change your address, send written notification of the change within 10 days to the above address. You will receive a notice informing you when you and those listed on your application as spouse or dependents must appear for an asylum interview. Bring to the interview 3 copies of documentary evidence of your relationship to those family members.

TO:
YUBA RAJ SHARMA
2500 MACDONALD AVE
RICHMOND, CA 94804

# EXHIBIT B



# U.S. Department of Justice

Immigration and Naturalization Service
San Francisco Asylum Office
PO Box 77530
San Francisco, CA 94107

| | | | |
|---|---|---|---|
| Name: | SHARMA, YUBA RAJ | File #: | A 96 160 789 |

## Decision Regarding your Application For Asylum

You have just completed your interview with an Asylum Officer. **You must appear in person at this office** on the date and time indicated below to receive the Asylum Officer's decision on your application. All family members listed on your Form I-589, Application for Asylum and for Withholding of Deportation, must appear with you when you return to receive the decision on your application.

You will not be informed of the decision before that time. When you come back to pick up your decision, please bring this Notice and a form of identification, if available.

If you used the services of a translator during today's asylum interview, we suggest that you return with a translator. This translator may be helpful if you have questions about your application at that time.

Your signature below establishes that you received this Notice and that this Notice was explained to you at the asylum interview.

Appear at this office on: Tuesday, January 28, 2003 at 2:00 p.m.

Applicant's signature: X _____

Officer's signature: _____

**Employment Authorization:** If your asylum application was filed on or after January 4, 1995, failure to appear on the date above to pick up your decision will affect your eligibility to apply for employment authorization under 8 CFR 208.7(a)(1). An asylum applicant may request employment authorization by applying 150 days after a complete asylum application is filed. This 150-day period will be suspended if you fail to appear on the above date to pick up your decision. If your case is referred to an immigration judge, the 150-day period will not resume until you appear before the immigration judge.

If you are granted asylum and you fail to return to pick up your decision as instructed and your failure to appear is not excused by the Asylum Office Director, you and your eligible family members may obtain a photo-identity document that evidences employment authorization by filing the Form I-765, Application for Employment Authorization, with the Nebraska Service Center.

# EXHIBIT C



Law Office of Virender Goswami
870 Market Street, #1028
San Francisco, CA 94102

Ms. Emilia Bardini, Director
San Francisco Asylum Office
P.O. Box 77530
San Francisco, CA 94107





**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ms Emilia Bardini, Director
San Francisco Asylum Office
P O Box 77530
San Francisco, CA 94107

2. Article Number
(Transfer from service label)

7007 2560 0001 1020 8221

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

**Certified Mail Provides:**
- A mailing receipt
- A unique identifier for your mailpiece
- A record of delivery kept by the Postal Servi[ce]

*Important Reminders:*
- Certified Mail may ONLY be combined with [First-Class Mail or Priority Mail]
- Certified Mail is *not* available for any class of [mail other than First-Class Mail or Priority Mail]
- NO INSURANCE COVERAGE IS PROVI[DED with Certified Mail. For] valuables, please consider Insured or Regist[ered Mail.]
- For an additional fee, a *Return Receipt* may [be requested to provide proof of] delivery. To obtain Return Receipt service, ple[ase complete and attach a Return] Receipt (PS Form 3811) to the article and ad[d applicable postage to cover the] fee. Endorse mailpiece "Return Receipt Requ[ested". To receive a fee waiver for] a duplicate return receipt, a USPS® postmar[k on your Certified Mail receipt is] required.
- For an additional fee, delivery may be r[estricted to the] addressee's authorized agent. Advise the cle[rk or mark the mailpiece with the] endorsement *"Restricted Delivery"*.
- If a postmark on the Certified Mail receipt is [desired, please present the arti-]cle at the post office for postmarking. If a [postmark on the Certified Mail] receipt is not needed, detach and affix label [with postage and mail.]

**IMPORTANT: Save this receipt and present** [it when making an inquiry.]
PS Form 3800, August 2006 *(Reverse)* PSN 7530-02-0[00-9047]

# LAW OFFICE OF
# VIRENDER KUMAR GOSWAMI

April 3, 2008

Emilia Bardini
Director, San Francisco Asylum Office
P.O. Box 77530
San Francisco, CA 94107

**RE:    Yuba Raj Sharma / A# 96-160-789**
*Status Request on asylum application/notification of intent to file civil suit to compel adjudication*

Dear Ms. Bardini,

    My name is Ben Loveman (SBN 249970), and I am an attorney with the Law Office of Virender Kumar Goswami. Our office represents Yuba Raj Sharma (A# 96-160-789). This letter is a request for information regarding the status of an asylum application filed on December 20, 2002, by Yuba Sharma.

    Mr. Sharma has made attempts to garner information regarding the status of his case. Such attempts have included telephone call inquiries to the Asylum Office. Mr. Sharma's application has now been pending for over five years.

    Please respond with any information you have regarding the status of Mr. Sharma's case. Please be aware that Mr. Sharma intends to file civil suit to compel adjudication of his application if action is not promptly taken on his application. Thank you for your assistance in this matter.
Sincerely,

Ben Loveman, Esq.
Attorney for Applicant

870 MARKET STREET, SUITE 1028 • SAN FRANCISCO, CA • 94102
PHONE: (415) 391-0228
FAX: (415) 288-0459

# **CERTIFICATE OF SERVICE**

I, the undersigned, declare under penalty of perjury that the following is true and correct. I am over the age of 18 years and am not a party to the action referenced in the foregoing letter. My business address is 870 Market Street, Suite 1028, San Francisco, California 94102. On May 22, 2008, I served copies of the foregoing documents in said action by certified mail upon:

Mr. Terry Rice
Director, USCIS San Francisco Field Office
444 Washington Street
San Francisco, CA 94111

Mr. Michael Mukasey
Attorney General of the United States
950 Pennsylvania Avenue NW
Washington, DC 20530-0001

Mr. Jonathan Scharfen
Acting Director, U.S. Customs and Immigration Services
20 Massachusetts Avenue NW
Washington, DC 20536

Mr. Michael Chertoff, Secretary
U.S. Department of Homeland Security
245 Murray Lane #410, SW
Washington, DC 20528-0300

Ms. Emilia Bardini
Director, San Francisco Asylum Office
75 Hawthorne Street #303
San Francisco, CA 94105

Robert Mueller III
Director, Federal Bureau of Investigation
J Edgar Hoover Building
935 Pennsylvania Ave, NW
Washington, DC 20535-0001

Joseph P. Russoniello, United States Attorney
Attn: Civil Service Clerk
450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102

Executed on May 22, 2008 in San Francisco, California.

Ben Loveman, Esq.
Law Office of Virender Kumar Goswami
870 Market Street, Suite 1028
San Francisco, CA 94102